(No. 86-CV-0400–

*In re* APPLICATION OF MARY A. SMITH.

*Opinion filed June 20, 1986.*

ERNEST T. ROSSIELLO, for Claimant.

NEIL F. HARTIGAN, Attorney General (SALLIE MAN-LEY, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of incidents that occurred from September 18, 1984, until September 24, 1984. Mary A. Smith, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act,

hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq*.

This Court has carefully considered the application for benefits submitted on October 1, 1985, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant, Mary A. Smith, age 24, was a victim of a violent crime, as defined in section 2(c) of the Act, to wit: assault. Ill. Rev. Stat. 1979, ch. 38, par. 12—1.

2. That beginning on September 18, 1984, until September 24, 1984, the Claimant was fondled and repeatedly sexually harassed by a co-worker. The incident occurred while the Claimant was working at a restaurant located at 7516 West Diversey, Elmwood Park, Illinois. As a result of the incident, the Claimant needed and received psychological counseling. The offender was apprehended, prosecuted and convicted of criminal sexual abuse.

3. That the Claimant seeks compensation for medical/hospital expenses only. The Claimant does not seek compensation for loss of earnings.

4. That the Claimant incurred psychological counseling expenses in the amount of $2,025.00, none of which was paid by insurance, leaving a balance of $2,025.00. To date, the Claimant has paid $100.00, towards this balance.

5. That the Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

6. That pursuant to section 10.1(e) of the Act, this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older), and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dramshop Act, Federal Medicare, State Public Aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal Social Security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant.

7. That the Claimant has received no reimbursements that can be counted as applicable deductions.

8. That the Claimant has filed a civil action against the offender, *Smith v. Comacho*, No. 85 L 8295, in the Circuit Court of Cook County, Illinois, County Department, Law Division, as a result of the incident. The Claimant, by informing the Attorney General of her pending civil suit, has acknowledged her responsibility to further notify the Attorney General of the final disposition of the civil action, pursuant to section 17 of the Act.

9. That the Claimant has indicated that she may incur additional counseling expenses as a result of the incident. Should the Claimant incur such additional expenses, she may petition the Court to reopen her claim for consideration of these expenses, pursuant to section 16 of the Act.

10. That pursuant to section 18(c) of the Act, the Court may order that all or a portion of an award be paid jointly to the applicant and provider of services. In the instant case, the Court finds this action applicable and orders that joint payment be made.

11. That after applying the applicable deductions, the Claimant's loss for which she seeks compensation is $1,825.00, based upon the following:

|  | Compensable Amount | Less % of $200.00 Deductible | Total |
|---|---|---|---|
| Paid Psycho- therapy Expenses | $ 100.00 | 5.0% | $ 90.00 |
| Ner Littner, M.D., S.C. | 300.00 | 14.8% | 270.40 |
| Joan Collins Thompson, A.C.S.W. | 1,625.00 | 80.2% | 1,464.60 |
| Total | $2,025.00 | 100.0% | $1,825.00 |

It is hereby ordered that the sum of $90.00 (ninety dollars) be and is hereby awarded to Mary A. Smith, an innocent victim of a violent crime.

It is further ordered that the sum of $270.40 (two hundred seventy dollars and forty cents) be and is hereby awarded to Mary A. Smith and Ner Littner, M.D., S.C.

It is further ordered that the sum of $1,464.60 (one thousand four hundred sixty-four dollars and sixty cents)

be and is hereby awarded to Mary A. Smith and Joan Collins Thompson, A.C.S.W.